Thomas Kjellberg (txk@cll.com)
Kieran G. Doyle (kgd@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036-1525
(212) 790-9200
Attorneys for Defendant Gareth Stevens Publishing

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
PALMER KANE LLC,                                    :
                                                    :
               Plaintiff,                          :
                                                    :
   against                                       :   No. 15 Civ. 7404 (GHW)
                                                    :
GARETH STEVENS PUBLISHING,                          :
                                                    :
               Defendant.
---------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GARETH STEVENS PUBLISHING'S MOTION FOR ISSUANCE OF REQUEST TO REGISTER OF COPYRIGHTS PURSUANT TO 17 U.S.C. § 411(b)(2)**

**I.      Introduction**

In this lawsuit, Plaintiff Palmer Kane LLC ("Palmer Kane") alleges that Gareth Stevens Publishing ("Gareth Stevens") infringed its registered copyrights in eight photographs.  *See* Complaint, ECF No. 1.  Gareth Stevens hereby respectfully moves the Court to issue a request to the Register of Copyrights, pursuant to 17 U.S.C. § 411(b)(2), to confirm the invalidity of a federal copyright registration relied upon by Palmer Kane for four of its claims in this action.  As set forth below, Palmer Kane knowingly submitted inaccurate and material information to the Copyright Office in applying for the registration.   Accordingly, following receipt of a statutorily mandated advisory opinion of the Register of Copyrights, this Court may invalidate the registration, and find that any claims of alleged copyright infringement in this lawsuit that are based upon the invalid registration fail as a matter of law.

**II.     Argument**

     **A.     Palmer Kane Knowingly Provided Material False Information To The United States Copyright Office**

On May 28, 1999, Palmer Kane's predecessor filed an application with the United States Copyright Office to register a group of photographs with the title "Past Mug Shots Images on the Stock Market Web Site" as an unpublished collection.  The photographs purportedly were authored by "Mug Shots div. of Palmer/Kane[,] employer for hire of Gabe Palmer."  *See* Declaration of Thomas Kjellberg ("Kjellberg Dec.") Exh. 1.  By a letter dated March 14, 2000, the Copyright Office notified Palmer Kane that it was refusing Palmer Kane's "Past Mug Shots Images" application because, among other reasons, "Space 1 [Title of This Work] and the deposit indicate that publication has occurred; however the publication information [Date and Nation of First Publication of This Particular Work] has not been entered in space 3b as required."  *See* Kjellberg Dec. Exh. 2; *and see* 17 U.S.C. § 101 (defining "Publication" as "the

1

distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending," and stating that "The offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication."). As a leading commentator has noted,

> the Office generally considers a work "published" when the copyright owner makes copies or phonorecords available online and offers to distribute them to a group of persons for purposes of further distribution, public performance, or public display. For instance, … the fact that a photographer offered a photograph to multiple stock photo companies or website for purposes of further distribution or public display creates a reasonable inference that an offer to distribute to a group of persons has been made and that publication has occurred.

M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 1008.

The deposit material for the "Past Mug Shots Images" application consisted of what appear to be printouts of pages from the Stock Market Photo website, most containing a footer "http://www stockmarketphoto.com/asp/uv ImageDisp.asp?Counter-0 3/22/99," indicating that publication had occurred at least as early as that date. *See* Kjellberg Dec. Exh. 3. As the Copyright Office explained to Palmer Kane, "a collection of items may be registered on one application <u>only</u> if each of the items within that collection were <u>all first published together on the same date</u>, or if all the items are unpublished." Kjellberg Dec. Exh. 2, p.2 (emphasis in original).[1]

---

[1] The *Compendium of U.S. Copyright Office Practices, Third Edition* ("Compendium III"), the administrative manual of the Register of Copyrights, states:

An applicant may register multiple unpublished works with one application and one filing fee, provided that the following conditions have been met:

• <u>All</u> of the copyrightable elements that are otherwise recognizable as self-contained works <u>must be unpublished</u>.

• The elements must be assembled in an orderly form.

2

The Copyright Office rejected Palmer Kane's 1999 "Past Mug Shots Images" application for the additional reason that Space 5 on the application ("Previous Registration – Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?") "has been completed incorrectly.  Moreover, it refers to a document with information outside of the application, which is not acceptable." *See id*.  The Copyright Examiner noted:  "The information in space 5 and the additional document indicate that this work is derivative of previously registered work; however, the derivative work statement has not been entered in space 6 as required." *Id*.

The "additional document" referred to by the Copyright Examiner reads, in full:

> Previous Registration:
>
> *A stock catalog/ CD / web site containing these photographs were previously registered, however that registration did not apply to this specific photograph, only in the authorship in the catalog claimed by the Stock Market Photo Agency.
>
> |  | Registration Number |  |
> |---|---|---|
> | Stock CD 2 | #863-782 | 2/26/99 |
> | Stock CD 3 | #863-774 | 2/26/99 |
> | American mosaic | #836-925 | 2/26/99 |

- The applicant must provide a single title for the collection as a whole.

- All of the elements must be created by the same author, or if the elements were created by multiple authors, at least one of the authors must have contributed copyrightable authorship to each work in the collection.

- The copyright claimant for all of the elements and the collection as a whole must be the same person or organization.

Works that do not satisfy these requirements cannot be registered as an unpublished collection.

Compendium III § 1106.1 (emphasis added); *see* 37 C.F.R. § 202.3(b)(4)(i)(B).  Moreover, "The U.S. Copyright Office may cancel a group registration or a registration for an unpublished collection or a unit of publication if the Office subsequently determines that the applicant failed to comply with the relevant requirements for these options."  Compendium III § 11.05.

3

*See* Kjellberg Dec. Exh. 1, p.3.[2]  Consistent with Palmer Kane's "additional document," the Copyright Office online catalog (available at *http://cocatalog.loc.gov*) confirms that three copyright registrations were issued to Stock Market Photo Agency, Inc. for large published collections of photographs on CD-ROM, with "some photos" excluded from the claim under each registration, under the registration numbers indicated in Palmer Kane's "additional document":  Registration No. VA 863-782, effective October 8, 1997; Registration No. VA 863-774, effective October 8, 1997; and Registration No. VA 863-925, effective September 18, 1997.  *See* Kjellberg Dec. Exh. 4; *and see Island Software & Computer Serv. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (noting that the Court may take judicial notice of "federal copyright registrations, as published in the Copyright Office's registry.").

 Palmer Kane did not respond to the Copyright Office's March 14, 2000 refusal to register its 1999 "Past Mug Shots Images" application within the 120 days allotted, and the Copyright Office closed its file on the application and returned Palmer Kane's deposit materials.  *See* Kjellberg Dec. Exh. 5.  Instead, on May 18, 2001, Palmer Kane filed a second application to register its "Past Mug Shots Images on the Stock Market Web Site" as an unpublished collection, this time without disclosing to the Office that published collections "containing these photographs were previously registered" in the name of Stock Market Photo Agency, Inc.  However, in Palmer Kane's May 2001 application, Space 3b (Date and Nation of First Publication) was again left blank, thereby certifying that all of the photographs in the collection

---

[2] At the 30(b)(6) deposition of Palmer Kane, Palmer Kane's principal, who certified and filed the May 28, 1999 "Mug Shots" application, disavowed any knowledge of this document, which Palmer Kane produced in discovery adjacent to, and numbered with a Bates number immediately subsequent to the Bates numbers of, Palmer Kane's 1999 "Past Mug Shots Images" copyright application – the application to which the Copyright Office found Palmer Kane's "Previous Registration" listing to be an unacceptable "additional document."

4

were unpublished – notwithstanding that, as Palmer Kane's principal admitted in its deposition, the "Past Mug Shots Images" collection had in fact been published.

Based on Palmer Kane's second application, the Copyright Office issued Registration No. VAu 529-623, with an effective date of June 25, 2001. *See* Kjellberg Dec. Exh. 6. "The 'u' represents that the works are unpublished." *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 225 (S.D.N.Y. 2012). In the case of Registration No. VAu 529-623, that representation is false, and Palmer Kane's claims based on that registration must be dismissed.

### B.  17 U.S.C. § 411(b)(2) Mandates That The Register Of Copyrights Be Consulted Before A Copyright Registration Obtained On The Basis Of "Inaccurate Information" Is Found To Be Invalid

Since 2008, the Copyright Act has required notice to the Register in cases in which a party challenges the validity of a copyright registration on the basis that the registrant knowingly misrepresented material facts to the Copyright Office. Specifically, "[i]n any case in which inaccurate information [in an application to register copyright] is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(2); *see DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 623 (7th Cir. 2013) ("Instead of relying solely on the court's own assessment of the Register's response to an inaccuracy, the statute obligates courts to obtain an opinion from the Register on the matter.").

### C.  Palmer Kane Knowingly Made Material Misrepresentations To The Register Of Copyrights That Render The Registration Invalid

A copyright alone is not sufficient to permit a suit for copyright infringement. A copyright holder may sue for infringement of that copyright only if it possesses a valid copyright registration. 17 U.S.C. § 411(a) ("No action for infringement of the copyright in any United

5

States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); *see also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010).  A certificate of registration satisfies this requirement

> regardless of whether the certificate contains any inaccurate information, unless—
>
> (A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and
>
> (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.

17 U.S.C. § 411(b)(1).

Here, Palmer Kane knowingly misrepresented to the Copyright Office that the large group of photographs that Palmer Kane sought to register as an "unpublished collection" had in fact been published prior to the date of Palmer Kane's application to register the copyright. Palmer Kane's representation that the photographs were unpublished, if known to be false by the Copyright Office, would have caused the Register to refuse registration.  This Court should, accordingly, ask the Register to confirm that such misrepresentations were material, as required by 17 U.S.C. § 411(b)(2).

## CONCLUSION

For the foregoing reasons, Gareth Stevens respectfully requests that the Court grant this Motion, and issue a request, pursuant to 17 U.S.C. § 411(b)(2), that the Register of Copyrights advise the Court whether the inaccurate information that was included in the application that resulted in Registration No. VAu 529-623, claiming a copyright in "Past Mug Shots Images on

6

the Stock Market Web Site" as an unpublished collection, would, if known, have caused the

Register of Copyrights to refuse registration.

Dated: New York, New York
      April 13, 2016

Respectfully submitted,

COWAN, LIEBOWITZ & LATMAN, P.C.

By:   s/ Thomas Kjellberg

Thomas Kjellberg (txk@cll.com)
Kieran G. Doyle (kgd@cll.com)
114 West 47th Street
New York, New York 10036-1525
(212) 790-9200

Attorneys for Defendant Gareth Stevens Publishing