USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/2016

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PALMER/KANE LLC,                                  :
                                                  :
                              Plaintiff,          :
                                                  :           1:15-cv-7404-GHW
              -against-                           :
                                                  :           MEMORANDUM OPINION
GARETH STEVENS PUBLISHING,                        :               AND ORDER
                                                  :
                              Defendant.          :
-----------------------------------------------------------------X
```

GREGORY H. WOODS, United States District Judge:

Defendant Gareth Stevens Publishing moves the Court for reconsideration of its May 27, 2016 order denying issuance of a request to the Register of Copyrights pursuant to 17 U.S.C. § 411(b)(2). For the reasons that follow, Defendant's motion for reconsideration is DENIED.

**1.    BACKGROUND**

    **A.  Section 411(b)(2)**

Under the current version of the Copyright Act, registration of a copyright claim is not a condition of copyright protection. 17 U.S.C. § 408(a). With certain exceptions that are not relevant here, however, a certificate of copyright registration *is* a prerequisite to bringing a civil copyright infringement action. 17 U.S.C. § 411(a). By statute, a certificate of registration satisfies this prerequisite "regardless of whether the certificate contains any inaccurate information," unless the following two-part test is met: "(A) the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate; and (B) the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(1).

Section 411(b)(2), in turn, requires courts to seek the advice of the Register of Copyrights before finding that this test is met and that a certificate of registration does not support an

infringement action. *See, e.g.*, *DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 623 (7th Cir. 2013) ("Instead of relying solely on the court's own assessment of the Register's response to an inaccuracy, the statute obligates courts to obtain an opinion from the Register on the matter."); *Palmer/Kane LLC v. Rosen Book Works LLC*, No. 15-cv-7406-JSR, 2016 WL 3042895, at *1 (S.D.N.Y. May 27, 2016) ("[C]ourts are in agreement that the provision is mandatory in nature . . . ."). In other words, before finding that knowingly inaccurate information would have caused the Register of Copyrights to refuse registration, a court must ask the Register whether that would have been the case.[1] The question now before the Court concerns this rather unusual statutory requirement.

Although the statute by its terms requires a referral "in any case in which inaccurate information described under [§ 411(b)(1)] is alleged," 17 U.S.C. § 411(b)(2), courts generally agree that they may first require the party seeking invalidation to establish as a factual matter that the applicant included inaccurate information on the registration application with knowledge that it was inaccurate. *See DeliverMed*, 734 F.3d at 625; *Rosen Book Works*, 2016 WL 3042895, at *2. The Register of Copyrights agrees:

> While 17 U.S.C. § 411(b)(2) requires the court to seek the Register's advice when there is an allegation that an application contains inaccurate information, the Register observes that the statute says nothing about the timing of the request. The Register suggests that, at a minimum, the court retains the power to delay the request until a factual record has been developed, e.g., through affidavits or discovery.

Response of the Register of Copyrights to Request Pursuant to 17 U.S.C. § 411(b)(2) at 11, *Olem Shoe Corp. v. Wash. Shoe Co.*, 09 Civ. 23494 (S.D. Fla. Oct. 14, 2010), ECF No. 209.

---

[1] Although this procedure is mandatory, the response provided by the Register is not binding on the Court. 17 U.S.C. § 411(b)(2) ("[T]he court shall request the Register of Copyrights to *advise* the Court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." (emphasis added)); *DeliverMed Holdings*, 734 F.3d at 624-25 ("On remand, . . . the district court must ask the Register whether it would have refused DeliverMed's application had it been aware that DeliverMed had no written ownership transfer agreement at the time of its application. After receiving that *advisory* opinion, the court may then determine whether to invalidate DeliverMed's registration for the logo." (emphasis added) (footnote omitted)); Response of the Register of Copyrights to Request Pursuant to 17 U.S.C. § 411(b)(2) at 12, *Olem Shoe Corp. v. Wash. Shoe Co.*, 09 Civ. 23494 (S.D. Fla. Oct. 14, 2010), ECF No. 209 ("[T]he Register agrees with the Court's conclusion that a court will not be bound by the Register's response to a request made pursuant to § 411(b).").

### B. Procedural History

In this action, Plaintiff Palmer/Kane LLC seeks damages and injunctive relief for Defendant Gareth Stevens Publishing's alleged infringement of its copyrights in a number of photographs. Compl., ECF No. 1. On April 13, 2016, after substantial completion of fact discovery, Defendant Gareth Stevens Publishing filed a motion informing the Court that it intends to contest the validity of the registration certificate underlying four of Plaintiff's claims and requesting that the Court issue a request to the Register of Copyrights pursuant to 17 U.S.C. § 411(b)(2). ECF No. 32. In briefing that motion, the parties submitted various exhibits to the Court. These included the registration applications and the certificate at issue, a declaration from the person who completed those applications, a transcript of Plaintiff's Rule 30(b)(6) deposition from a factually related case, and various other exhibits. On May 27, 2016, the Court denied Defendant's motion by oral decision because Defendant had not established as a factual matter that Plaintiff included inaccurate information on the registration application with knowledge that it was inaccurate. The Court explained, in relevant part:

> Defendant asserts that plaintiff submitted two applications before obtaining the copyright at issue, and that the first application was rejected and on the second Ms. Patricia Kane failed to disclose the fact that the images at issue had been previously published—the alleged inaccurate information.
>
> Plaintiff offers two primary arguments in response: (1) that the images were only available on a "beta website," and therefore were not published at the time of its initial application, and (2) Ms. Kane, who filled out the application, did not knowingly include any inaccurate information but followed the instructions of the Copyright Office in good faith.
>
> Palmer/Kane also provided a declaration from Ms. Kane in which she states she submitted the second application form at the request of the Copyright Office but that she did not submit a second deposit, and that she had "numerous conversations" with the Copyright Office regarding the application and followed their instructions.
>
> With respect to the first point, Gareth Stevens's response is that the website at issue was available to the public in February 1999, a contention it supports with a declaration from counsel's paralegal and a bevy of screenshots captured by the Internet [A]rchives. I will not linger on this point at this time but I note that the

3

> defendant's submissions lack information regarding how the Internet [A]rchive works and the reliability of the images captured by it. As a result, I am not persuaded at this stage in the litigation that the information presented to me makes it appropriate to submit this issue to the Register at this time, prior to additional factual submissions.
>
> With respect to the second point, Gareth Stevens argues that Ms. Kane knowingly filed the second, or in the plaintiff's words, corrected, application for copyright of unpublished works after the images at issue were published. In support of this contention, Gareth Stevens has submitted an excerpt of Ms. Kane's deposition testimony, in which she testified that by the time she filed the corrected application, the images had been published.
>
> However, Ms. Kane also testified that in her view the corrected application was a continuation of the application process that began with the first application, and that she understood from the Copyright Office that "once you start a process, you do not change the form you file on." Ms. Kane's deposition is consistent with her declaration—she viewed both applications as part of a single application process, and based on her understanding of advice from the Copyright Office, she understood that she should continue to pursue a copyright for an unpublished collection of images. I make no finding of fact on this point at this time.
>
> I cannot conclude, based on the evidence before me, however, that Ms. Kane knowingly provided inaccurate information to the Copyright Office. A factual finding that inaccurate information was knowingly included on a copyright application is a prerequisite to invalidating a copyright, 17 U.S.C. Section 411(b)(1)(A), and because that prerequisite is not satisfied, it is not appropriate to seek the advice of the Register at this time.
>
> . . . For the foregoing reasons, defendant's motion for the issuance of a request to the Register of Copyrights is denied without prejudice at this time. If at some point in the future, defendant is able to establish that Ms. Kane knowingly included inaccurate information in application for copyright registration, they should feel free to raise the issue again.

Telephone Conference Tr. 6:19-9:3, ECF No. 61, May 27, 2016 (internal citations omitted).

On the very same day, Judge Rakoff issued an order granting a motion for issuance of a request pursuant to 17 U.S.C. § 411(b)(2) with respect to photographs registered under the same allegedly invalid certificate at issue in this case. *Palmer/Kane LLC v. Rosen Book Works LLC*, No. 15-cv-7406, 2016 WL 3042895 (S.D.N.Y. May 27, 2016). As Judge Rakoff explained, "[D]efense counsel has brought substantially the same motion before another court in this District because plaintiff sued an entity owned by the same real party in interest on the same day it sued Rosen,

asserting infringement of plaintiff's copyright in various images registered under the same June 2001 Registration." *Id.* at *5 (internal quotation marks and citations omitted).  On June 13, 2016, this Court granted Defendant leave to move for reconsideration in light of Judge Rakoff's decision and in light of the fact that there might be no opportunity for further factual development on the issue before Plaintiff's anticipated motion for summary judgment.  Telephone Conference Tr. 7:14-8:1, ECF No. 63, June 13, 2016.  Defendant filed its motion, which it styled a "renewed motion," on June 24, 2016.  ECF No. 55.  Plaintiff filed an opposition brief on July 8, 2016.  ECF No. 65.  Defendant filed its reply brief on July 15, 2016.  ECF No. 67.  As with the first cycle of motions, the parties attached various exhibits to their briefs.

**2.     DISCUSSION**

"A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of final judgment . . . ." *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982). The standard for granting a motion for reconsideration is strict, however, and such a motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (internal quotation marks and citation omitted).  A motion for reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).  Defendant has not satisfied this exacting standard.

Defendant does not offer any newly available evidence or point to any intervening changes in controlling law.  Rather, Defendant appears to ask the Court to find clear error based upon Judge Rakoff's decision in *Rosen Book Works*.  As Defendant itself recognizes, that decision was "based on

the identical evidence" that was before this Court.  *See* Def.'s Br. at 2.  The Court respects that judgment; however, the fact that another district court interpreted that evidence in a different manner and exercised its discretion differently with respect to the appropriate timing of a § 411(b)(2) request does not form an adequate basis for reconsideration.  *See Gomez v. Kroll Factual Data, Inc.*, No. 13-cv-0445, 2014 WL 5395099, at *3 n.3 (D. Colo. Oct. 22, 2014) ("The fact that another district court exercised its discretion in a different manner than this Court does not warrant reconsideration.").  This Court continues to exercise its discretion to require that Defendant establish as a factual matter that Plaintiff knowingly included inaccurate information on its registration application within the meaning of 17 U.S.C. § 411(b)(1) before issuing a request to the Register of Copyrights.  As before, there remain factual disputes regarding (1) whether the photographs had been published when Ms. Kane completed an application form in 1999, (2) Ms. Kane's knowledge of their publication at the time, if any, and (3) whether the application form completed by Ms. Kane in 2001 was a continuation of an application process that had been ongoing since 1999 and was completed in good-faith reliance on directions from the Copyright Office.  These factual issues require the weighing of evidence and the rendering of credibility determinations—tasks which this Court does not believe it can undertake at this stage.

In briefing this motion, the parties make much of the question of whether § 411(b) requires "fraudulent intent."  *See* Def.'s Br. at 12-17; Pl.'s Opp'n Br. at 13-19; Def.'s Reply Br. at 9-10.  To the extent that Plaintiff argues that the statute requires a showing of "fraudulent intent" separate and apart from a showing of knowing inaccuracy, the Court agrees with Judge Rakoff[2] and declines to

---

[2] Although the Court agrees with Judge Rakoff's conclusion on this question, the Court does not necessarily concur with the support he cites.  In holding that § 411(b) does not require a showing of fraudulent intent, Judge Rakoff cited the decision in *Family Dollar Stores, Inc. v. United Fabrics International, Inc.*, 896 F. Supp. 2d 223 (S.D.N.Y. 2012).  *Rosen Book Works*, 2016 WL 3042895, at *4.  Defendant also cites *Family Dollar* at length in its briefs.  *E.g.*, Def.'s Br. at 15, 20; Def.'s Reply Br. at 9-10.  In *Family Dollar*, the court stated that a "showing of fraud" is required to invalidate a copyright registration only "where a party seeks to invalidate a copyright based on simple technical errors in a registration application," and that "[t]he fraud requirement does not come into play when material omissions or errors were made in the registration application." 896 F. Supp. 2d at 231.  This proposition that a showing of fraud is required only when the error is technical rather than material appears to be irreconcilable with the § 411(b)(2) requirement that the Register of

6

graft this additional requirement onto the plain statutory text. But that does not resolve the issue.

Section 411(b) provides, in part, that a certificate of registration will suffice as a prerequisite to a copyright infringement suit, even if it contains inaccurate information, unless "the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate." Even without an independent fraudulent intent requirement, there remains a genuine factual dispute concerning whether Ms. Kane "knew" the information was "inaccurate" in the relevant sense. This is so because, as Plaintiff rightly contends, "the issue of what 'knowing' means *in this context* cannot be separated from the fact that . . . Ms. Kane relied on Copyright Office advice in preparing her corrected application." Pl.'s Opp'n Br. at 14 (emphasis in original). Put another way, context matters. If Ms. Kane had in fact disclosed to the Copyright Office that the photographs had been published, but the Copyright Office nevertheless instructed her to complete the 2001 application form in the way that she did, Ms. Kane might not have subjectively known the information that she included on the application form was inaccurate.

To be clear, the Court's decision to deny Defendant's motion at this time may not be the end of the matter. If the above factual issues are resolved by the jury in Defendant's favor, the Court will then be required to refer this question to the Register of Copyright pursuant to statutory directive. The Court merely declines to do so now.

3.  **CONCLUSION**

For the foregoing reasons, Defendant's motion for issuance of a request to the Register of Copyrights is DENIED without prejudice to renew.

---

Copyrights be consulted regarding whether the inaccuracy is material. *See Rosen Book Works*, 2016 WL 3042895, at *4 ("Whether that inaccurate information is *material* to the Copyright Office is precisely what the procedure codified at § 411(b)(2) is designed to clarify." (emphasis added)). The court in *Family Dollar* also stated that § 411(b) does not apply at all *when the inaccuracy is material*. 896 F. Supp. 2d at 233 ("The PRO IP Act does not apply in this case. The PRO IP Act solely concerns technical and minor errors with copyright registrations. . . . Here, the 'error' on UFI's registration form is not a minor technical error. The 'error' here would have clearly caused the Register of Copyrights to refuse to issue a registration . . . ."). That reading of § 411(b) seems to be inconsistent with the statute's requirement that the Register of Copyrights weigh in on the issue of materiality in all cases.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 55.

SO ORDERED.

Dated: October 24, 2016  
New York, New York

                                           GREGORY H. WOODS  
                                         United States District Judge